IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DONNA ZINK and JEFF ZINK, wife and husband, and the marital community composed thereof, | ) ) ) ) | No. 34150-0-III |
| Appellants, | ) ) | |
| v. | ) ) ) | |
| BENTON COUNTY, a Washington Municipal Corporation; ANDREW K. MILLER, in his capacity as Benton County Prosecutor; RYAN BROWN, in his capacity as Benton County Chief Deputy Prosecuting Attorney; RYAN LUKSON, in his capacity as Benton County Deputy Prosecuting Attorney; SANDI MAINE-DELEPIERRE, in her capacity as Benton County Prosecutor's Department Public Records Officer; STEVEN KEANE, in his capacity as Benton County Sheriff; BOBBI ROMINE, in her capacity as Records Sergeant Benton County Sheriff's Department, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | |

PENNELL, J. — Donna and Jeff Zink appeal the trial court's dismissal of their claims against Benton County and several of its officials and employees (collectively "the County"). We affirm.

No. 34150-0-III
*Zink v. Benton County*

## BACKGROUND

Donna Zink and her husband Jeff Zink sued the County after notification was sent to various sex offenders that Ms. Zink had submitted a public records request seeking level one sex offender registration forms and information. The notification had included a copy of Ms. Zink's public records request, which contained her name and e-mail address. The Zinks' complaint against the County alleged various civil rights violations, violations of the Public Records Act, chapter 42.56 RCW, harassment, infliction of emotional distress, and loss of consortium.

The Zinks filed their lawsuit on October 6, 2015. On October 13, the County e-mailed Ms. Zink asking if she would agree to electronic service of pleadings in the case. Ms. Zink agreed. On October 29, the County noted a motion to dismiss the Zinks' complaint and concurrently filed an affidavit of prejudice against Judge Bruce Spanner. A hearing on the County's motion was set for November 6. But on October 20, Ms. Zink e-mailed the counsel for the County stating she was not available on November 6, and a number of other days, because of previously scheduled plans. The County's counsel agreed to continue the hearing date to accommodate Ms. Zink's schedule, and the hearing was reset to December 4 at 1:30 p.m. The Zinks confirmed their availability for the December 4 hearing and an amended notice of hearing confirming the new hearing date

2

was served and filed on November 2.[1] Shortly thereafter the Zinks filed an affidavit of prejudice against Judge Vic VanderSchoor.

Judge VanderSchoor was scheduled to serve as civil presiding judge during the months of October, November and December 2015. In light of the Zinks' affidavit of prejudice, on November 6 counsel for the County e-mailed court administration to ask whether the motion to dismiss could still be heard on December 4. An assistant court administrator responded by instructing the County's counsel to keep the hearing scheduled for December 4 at 1:30 p.m., and she would "assign [it to] a judge, other than Spanner, VanderSchoor, and Swisher." Clerk's Papers (CP) at 140.

On November 25, Ms. Zink e-mailed the County's counsel, inquiring as to whether the December 4 hearing date could be retained given Judge VanderSchoor's status as civil presiding judge. The County's counsel responded that he had already anticipated the issue and had confirmed with court administration that a different judge would be available for the hearing. Ms. Zink responded asking which judge had been assigned to the case, and also asserted her belief the County had "more access to the court" than the Zinks did. CP at 288. Counsel for the County replied he was not aware who the hearing

---

[1] The amended note for hearing does not specify which superior court judge would preside over the December 4 hearing.

3

judge would be and provided Ms. Zink with a copy of the e-mail exchange with court administration. This was the last contact between the parties until the morning of December 4.

Counsel for the County contacted Ms. Zink on the morning of December 4 to ask if Ms. Zink had filed a response to the dismissal motion. Ms. Zink replied via e-mail asserting that since she never received notice the hearing was specially set, she did not know who the judge was and could not electronically upload her response. Ms. Zink then stated she was "not going to waste time on a case that won't go forward," and suggested the County reset the hearing to accommodate her or wait until a different judge is available. CP at 290. The County's counsel replied that he intended to go forward with the hearing that afternoon and provided a second copy of the amended notice setting the hearing for December 4 at 1:30 p.m. Ms. Zink responded that she was entitled to notice of a special setting and the lack of notice required the hearing to be reset again. The County's counsel replied by recommending Ms. Zink appear at the hearing to make her argument about lack of notice to the judge. Ms. Zink rejected the suggestion and stated she would not be at the hearing. She asserted the long drive to the courthouse was overly burdensome and there was no need for the hearing since it was obvious she had not been given the required notice. There were no further e-mails between the parties.

The Zinks did not appear at the December 4 hearing, which was held before Judge Alexander Ekstrom. Counsel for the County explained to the court why the Zinks were not present and provided it with a copy of the e-mail exchanges with Ms. Zink. Having reviewed the County's motion and memorandum in support thereof, Judge Ekstrom did not take oral argument on the merits of the County's motion and granted it based on the arguments in the briefing. An order dismissing the case was entered the same day. The Zinks filed a motion for reconsideration asserting procedural irregularities denied them a fair hearing, and the court erred in dismissing the claim pursuant to CR 12(b)(6). The motion was denied. The Zinks appeal.

## ANALYSIS

The arguments on appeal are purely procedural. The Zinks have never submitted any legal authority opposing the merits of the county's dismissal motion, either in this court or the trial court. Instead, the Zinks focus on their nonappearance at the December 4 hearing and claim the trial court dismissed their complaint solely on this basis.

The Zinks' understanding of the superior court proceedings is incorrect. The record clearly shows the trial court relied on the authority set forth in the County's briefing and granted the motion to dismiss on the merits. This was sufficient. *See Stanley v. Cole*, 157 Wn. App. 873, 880, 239 P.3d 611 (2010) ("When a tribunal considers

evidence, the resulting judgment is not a default judgment even if one party is absent."").

Indeed, our review of the County's briefing in support of the dismissal motion confirms

the trial court's ruling was justified in both law and fact.[2]

The Zinks' arguments with respect to the trial court's ruling on their motion for

reconsideration meet a similar fate. We review the trial court's denial of a motion for

reconsideration for abuse of discretion. *Kleyer v. Harborview Med. Ctr. of the Univ. of

Wash.*, 76 Wn. App. 542, 545, 887 P.2d 468 (1995). There was no abuse of discretion in

this case.

In their motion for reconsideration, the Zinks argued that procedural irregularities

prevented them from participating in the court process and receiving a fair hearing. The

record shows otherwise. The Zinks had ample notice of the December 4 hearing date.

Under the local rules, a new notice of hearing is only required if a hearing is struck and

rescheduled or otherwise continued. *See* Benton/Franklin Superior Court Local Court

Rule (LCR) 7(b)(7)(F). That is not what happened. The December 4 hearing date was

confirmed in early November and it remained unchanged after that point. Nothing in the

court's local rules required notice that the scheduled hearing would take place before a

---

[2] Because the Zinks have not briefed the merits of their legal claims, we decline to
set forth a detailed written analysis in this opinion.

specially set judge. While Judge Ekstrom did not receive his assignment to the Zinks' case until the day before the December 4 hearing, the assignment process had no bearing on the motion setting.

The fact that the Zinks did not know the identity of the assigned motion judge did not prevent them from filing a response to the County's dismissal motion. Under LCR 7(b)(1)(B) and 5(c), the Zinks were required to serve and file their response to the County's motion, and either electronically submit or otherwise deliver a bench copy of it to court administration, by noon at least one day prior to argument. LCR 5(c) provides one court-wide address for electronic submission of bench briefs. There is no procedure for submitting pleadings related to motions directly to an individual judge. Accordingly, the Zinks had no excuse for failing to comply with the rules.

We are unpersuaded by the Zinks' complaint that Judge Ekstrom should have been assigned to hear the motion to dismiss prior to December 3. Had the Zinks believed more time was necessary to review the merits of their complaint, they could have appeared at the December 4 hearing and requested a continuance. Instead, the Zinks deliberately decided not to attend the hearing. The fact the Zinks lived 30-40 minutes from the courthouse did not excuse their absence. Having chosen to file a lawsuit in Benton County Superior Court, the Zinks were expected to make the effort to travel to the

7

courthouse as necessary in order to prosecute their case.

The Zinks' final claim is that they were denied equal access to the courts in violation of the appearance of fairness doctrine and the equal protection clause.[3] Neither contention has been adequately preserved for review. A claim under the appearance of fairness doctrine must be raised promptly with the trial court as soon as a basis for recusal is known. *State v. Blizzard*, 195 Wn. App. 717, 725, 381 P.3d 1241 (2016), *review denied*, 187 Wn.2d 1012 (2017). This was not done. The Zinks were aware of the County's communications with court administration prior to the December 4 hearing.[4] Yet no action was taken. Even when the Zinks filed their motion for reconsideration, they did not seek recusal or relief under the appearance of fairness doctrine. Given these circumstances, review on appeal is unwarranted. *Id.* at 725-26. With respect to the equal protection claim, the Zinks' contentions are not accompanied by any supporting legal authorities or argument. We therefore decline to address this aspect of their appeal. *See Litho Color, Inc. v. Pacific Emp'rs Ins. Co.*, 98 Wn. App. 286, 297, 991 P.2d 638 (1999) (an argument will not be considered if it is inadequately briefed); *see also* RAP 10.3(a)(6).

---

[3] U.S. CONST. amend. XIV, § 1.
[4] Our decision should not be read to suggest that the County's e-mails to court administration regarding scheduling was improper.

8

No. 34150-0-III
*Zink v. Benton County*

## ATTORNEY FEES AND COSTS

Because the Zinks have not prevailed on appeal, their request for attorney fees and costs is denied.

## CONCLUSION

The trial court's order of dismissal is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, A.C.J.          Korsmo, J.

9